# EXHIBIT A
## TO NOTICE OF REMOVAL

| | |
|---|---|
| STATE OF MINNESOTA | IN DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Rita Kach,

          Plaintiff,

vs.

Life Insurance Company of North America
a Pennsylvania Corporation as underwriting
company and subsidiary of CIGNA Group
Insurance/CIGNA Corporation,

          Defendant.

CASE TYPE: Contract
COURT FILE NO:

**COMPLAINT**

---

Comes now the Plaintiff, Rita Kach, and as for her cause of action against the above named Defendant, states and alleges as follows:

I.

At all times relevant to the pending action, Ms. Kach was employed by Independent School District #283 (ISD #283). At all times relevant hereto, she has been insured under the policy of group disability insurance issued to her employer, which is a plan exempt from ERISA and is the subject of this action, as more fully described hereinafter.

II.

Defendant, LINA/CIGNA is the insurer and is liable for any benefits under the Plan. Defendant, LINA/CIGNA, is a corporation organized and existing under the laws of the State of Pennsylvania which conducts and transacts insurance business within the State of Minnesota. The current mailing address of LINA's principal office as registered with the Minnesota Department of Commerce is:

Life Insurance Company of North America
51 Madison Avenue
New York, NY 10010

### III.

At all times relevant hereto, Ms. Kach was employed by the ISD #283, working 40 hours or more per week.

### IV.

At all times relevant hereto, Ms. Kach was insured for disability benefits through her employment under Defendant's group disability insurance policy (the "Policy").

### V.

The LTD Policy which is the subject of the pending action does not constitute an employee welfare benefit plan governed by ERISA, 29 U.S.C. §§ 1001 et seq. Therefore, jurisdiction in this Court is proper.

### VI.

While working at the ISD #283, Ms. Kach sustained injuries preventing her from working in her occupation and Defendant approved disability benefits effective August 7, 2015.

### VII.

Via letter dated August 10, 2017, Defendant denied Ms. Kach's claim identifying substitute occupations they felt she could perform.

### VIII.

Plaintiff appealed this decision providing additional medical, vocational and testimonial evidence.

IX.

Via letter dated May 2, 2019, Ms. Kach was advised that the decision to deny her claim for benefits was being upheld and she could submit a second appeal.

X.

Plaintiff submitted a second appeal and was advised via letter dated November 5, 2019 that the appeal was voluntary on Ms. Kach's part and Defendant's part and that without additional medical records the review would not be conducted.

XI.

Plaintiff has been damaged as a direct result of the breach of said insurance policy and contract by Defendant.

XII.

Plaintiff has incurred attorney's fees and expenses associated with the bringing of this suit and is making claim for the same, to the extent said are allowed pursuant to said plan or policy of insurance and appropriate law.

WHEREFORE, Plaintiff demands judgment against Defendant for said disability insurance benefits owed in an amount to be determined pursuant to the benefits provisions of said contract, and for her costs and attorney's fees herein to the extent allowed by said contract and law, and for her taxable costs and disbursements herein, and for such other further relief as may be just and equitable.

Dated this 14th day of October, 2021.

<div style="margin-left: 40%;">

**BEEDEM LAW OFFICE**

*s/ Alesia R. Strand*

Thomas J. Beedem (19668X)
Alesia R. Strand (0332884)
222 South Ninth Street, Suite 1600
Minneapolis, MN 55402
(612) 305-1300 Phone
(612) 339-5765 Facsimile

ATTORNEYS FOR PLAINTIFF

</div>

# WAIVER OF SERVICE OF SUMMONS

TO: Beedem Law Office

I received your request that I waive service of a summons in the lawsuit of *Rita Kach v. Life Insurance Company of North America*, in the District Court for the Fourth District of Minnesota, Hennepin County sent on October 16, 2021, November 29, 2021 and December 29, 2021. I have also received a copy of the complaint in the lawsuit, two copies of this document, and a means for returning the signed waiver to you without cost to me. I agree to save the cost of service of the summons and complaint in this lawsuit.

I understand that LINA will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons. I understand that a judgment may be entered against LINA if an answer or motion under Rule 12 is not served upon you within 60 days after December 29, 2021 or within 90 days after that date if the request was sent outside the United States.

_____
Date

_____
Signature

_____
Printed/typed name:


DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS
Rule 4 of the Minnesota Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver. It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property.

A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought. A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.
(Effective July 1, 2018.)